**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0383-17T4

ROBERT F. EDWARDS,

     Plaintiff-Appellant,

v.

THE HOUSING AUTHORITY
OF PLAINFIELD and
RANDALL WOOD,

     Defendants-Respondents.

_____

Argued February 14, 2019 – Decided March 12, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-4026-15.

Robert F. Edwards, appellant, argued the cause pro se.

Lawrence D. Minasian argued the cause for respondents (Greenberg Minasian, LLC, attorneys; Lawrence D. Minasian, on the brief).

PER CURIAM

Plaintiff Robert F. Edwards appeals from the August 18, 2017 Law Division order, which denied his motion for summary judgment and dismissed his complaint with prejudice pursuant to Rule 4:23-5(a)(2).  We affirm.

Plaintiff was a tenant in the public housing complex of defendant Housing Authority of Plainfield.  Plaintiff claimed that on December 14, 2013, he slipped and fell on ice on the sidewalk in front of the housing complex, fracturing his ankle.  On November 20, 2015, plaintiff filed a complaint pro se against defendant and its executive director, Randall Wood, for negligence and punitive damages.[1]

Defendants filed a motion to dismiss the complaint for failure to timely file a notice of tort claim pursuant to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:8-1 to -12-3.  After discovering that plaintiff had timely filed a notice of claim, defendants withdrew the motion and filed an answer.  The discovery end date was December 31, 2016.

On April 29, 2016, defendants sent plaintiff a letter, attaching the following discovery demands: answers to Form A and supplemental interrogatories; deposition notice for June 22, 2016; request for statement of

_____

[1] Plaintiff has appeared pro se throughout this matter.

A-0383-17T4

damages; notice to produce; and medical authorizations submitted for plaintiff's signature. The letter instructed plaintiff to contact defense counsel within ten days of plaintiff's receipt of the letter if he did not receive all of the discovery requests or had any questions concerning the requests. Plaintiff stamped the letter and attached discovery demands "REFUSED FOR FRAUD" and returned the documents to defense counsel.[2]

On June 9, 2016, defendants served on plaintiff certified answers to Form C and C(2) interrogatories on plaintiff and demanded that plaintiff respond to their discovery demands "in order to avoid judicial intervention." In addition, a phone call was made to plaintiff requesting the outstanding discovery and his appearance at a deposition.

Plaintiff failed to comply with defendants' discovery demands or appear for a deposition. As a result, defendants filed a motion to dismiss the complaint without prejudice pursuant to Rule 4:23-5(a) for plaintiff's failure to make discovery. Plaintiff opposed the motion. In a July 8, 2016 order, the court granted the motion, finding plaintiff failed to set forth any basis in law for failing

---

[2] Plaintiff also stamped other documents defense counsel served on him "REFUSED FOR FRAUD."

A-0383-17T4

to comply with defendants' discovery demands. Plaintiff received the order and stamped it "VOID AB INITIO."

Without responding to defendants' discovery demands, plaintiff filed a motion to vacate the July 8, 2016 order and reinstate the complaint, which the court denied in an August 5, 2016 order.[3] Plaintiff then filed a motion for reconsideration and a motion for leave to appeal with this court, which we denied in a November 10, 2016 order. Plaintiff then filed a motion with our Supreme Court for reconsideration of our November 10, 2016 order, which the Court denied in a May 2, 2017 order.

Thereafter, plaintiff did not respond to defendants' discovery demands or file a motion to reinstate the complaint. Instead, while the complaint was still dismissed, on July 6, 2017, plaintiff filed a motion for summary judgment. Defendants opposed the motion and filed a cross-motion to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2) for plaintiff's failure to make discovery. Defense counsel served a notice to pro se party in compliance with Rule 4:23-5(a)(2), and submitted a supporting certification that complied with the requirements of Rule 4:23-5(a)(3).

---

[3] The court denied the motion for the reasons set forth on the record on August 5, 2016. Plaintiff has not provided the motion transcript in violation of Rule 2:5-4(a).

A-0383-17T4

The parties appeared for oral argument on August 18, 2017. Plaintiff confirmed he refused to comply with defendants' discovery demands, and argued the July 8, 2016 order was a "fraud upon the court." In an August 18, 2017 order, the court denied plaintiff's summary judgment motion, finding it could not consider the motion on the merits because the complaint was dismissed and plaintiff lacked standing to bring the motion. The court also granted defendants' cross-motion and dismissed the complaint with prejudice pursuant to Rule 4:23-5(a)(2). The court found defendants met all procedural requirements of Rule 4:23-5 and plaintiff failed to provide discovery or demonstrate exceptional circumstances warranting the denial of defendants' motion. This appeal followed.

We review the trial court's dismissal of a complaint with prejudice for discovery misconduct for abuse of discretion. Abtrax Pharms. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995). An "abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial court's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v.

Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). We discern no abuse of discretion here.

On appeal, plaintiff does not deny that he refused to respond to defendants' discovery demands or that defendants satisfied the procedural requirements of Rule 4:23-5. Rather, he argues he returned defendants' discovery demands as "REFUSED FOR FRAUD[,]" and thus, "the issue is not a failure to answer, but rather a bona fide dispute as to the adequacy of the answers given."[4] This argument has no merit whatsoever.

Dismissal with prejudice is inappropriate where there is a bona fide dispute as to the responsiveness or insufficiency of answers to discovery requests. Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 378

---

[4] We decline to address plaintiff's additional arguments that: (1) the court lacked jurisdiction to preempt plaintiff's Housing and Urban Development (HUD)-regulated lease with the TCA; (2) the court lacked jurisdiction because defendants provided no notice the lease was subject to the TCA; (3) the lease was void ab initio due to defendants' failure to comply with federal statutes and HUD regulations; (4) the court violated plaintiff's due process rights by preventing him from presenting witnesses and the lease; and (5) the court improperly allowed defendants' ex parte communication regarding withdrawal of their motion to dismiss for failure to file a notice of claim. The complaint was not dismissed pursuant to the TCA, and plaintiff's lease and defendants' alleged non-compliance with federal statutes and HUD regulations have no bearing on the dismissal of the complaint for failure to make discovery. This is a simple negligence action and plaintiff did not file an amended complaint adding other claims.

(App. Div. 1992). A bona fide dispute occurs where the alleged delinquent party has provided responses to discovery requests, but the other party deems them not fully responsive or insufficient. See ibid. (holding "that when the real discovery dispute is not a failure to answer but rather an alleged failure to answer in a 'fully responsive' manner, it is the dismissal with prejudice which is inappropriate unless the answering party has been ordered to answer more fully and fails to do so."); see also Adedoyin v. Arc of Morris Cty. Chapter, Inc., 325 N.J. Super. 173, 183 (App. Div. 1999).

Returning documents as "REFUSED FOR FRAUD" was not a response to defendants' discovery demands. Because plaintiff provided no response whatsoever to defendants' discovery demands and refused to do so, there is no bona fide dispute warranting the denial of defendants' motion to dismiss the complaint with prejudice pursuant to Rule 4:23-5(a)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0383-17T4